UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
www.flsb.uscourts.gov

In re:

FILIGREE WIDESLAB
OF FLORIDA, INC.,

Case No. 14-11950-RBR

Chapter 7

    Debtor.
_____/

KENNETH WELT, as Chapter 7 Trustee
For the bankruptcy estate of FILIGREE
WIDESLAB OF FLORIDA, INC.,

Adv. Pro. No. _____

    Plaintiff,

v.

3501 BURRIS ROAD., LLC,

    Defendant.
_____/

## COMPLAINT

**Pursuant to Chapter II, Section 2, Paragraph III of the Court's CM/ECF Guide, which requires a clearly defined statement at the beginning of the first page of the Complaint, the Trustee represents that the Estate is currently insolvent (other than cash possibly subject to the lien this complaint seeks to avoid) and requests the filing fee be deferred**

Kenneth Welt, as Trustee (the "Trustee") of the Chapter 7 Bankruptcy Estate of Filigree Wideslab of Florida, Inc. (the "Debtor") files this complaint against 3501 Burris Road., LLC (the "Defendant"), as follows:

1. The Debtor is a debtor under the provisions of Chapter 7 of title 11 of the United States Code (the "Bankruptcy Code"), having filed a voluntary petition thereunder on January 28, 2014 (the "Petition Date").

2. The Trustee is the duly appointed and authorized trustee of the Debtor's Chapter 7 bankruptcy estate.

3. The Defendant is a Florida Limited Liability Company, having its principal place of business in Miami-Dade County, Florida.

4. This Court has jurisdiction of this adversary proceeding pursuant to 28 U.S.C. §§157(b) and 1334(b). This is a core proceeding as under 28 U.S.C. §157(b)(2)(B), (C), and (K).

5. Venue is proper in this Court pursuant to 28 U.S.C. §1409(a).

## ALLEGATIONS COMMON TO ALL COUNTS

6. The Debtor formerly operated its business at 3501 Burris Road, Davie, FL 33314 (the "Property").

7. The Property was leased to the Debtor by the Defendant.

8. The Defendant has represented to the Trustee that there was no formal lease agreement.

9. The Defendant has represented to the Trustee the terms of the lease were agreed to by email (the "Email Agreement"). The Trustee is not in possession of the emails which form the Email Agreement.

10. The Defendant has represented to the Trustee that the terms of the Email Agreement were as follows

    (a) The Debtor was required to pay $6,121.50 per month for rent on the 1st of each month;

    (b) The Debtor was required to pay real estate taxes; and

(c) The lease term was month-to-month.

11. The trustee never filed a motion to assume or reject the lease. Thus, to the extent that the lease was not already terminated, the lease was rejected on March 29, 2014.

12. The Debtor continued to occupy the Property until February 27, 2014.

13. The Debtor scheduled the Defendant as an unsecured claimant in the amount of $12,243.00.

14. On March 18, 2014, the Defendant filed a proof of claim, [Claim No. 8] (the "Proof of Claim"), seeking an administrative claim in the amount of $124,562.30, broken down as follows:

(a) Pre-Petition rent - $6,121.50 per month for the months of October, November and December of 2013 and January 2014, for a total of $24,486.00;

(b) Pre-Petition taxes in the amount of $68,265.84;

(c) Post-Petition taxes-$5,688.82 per month for three months for a total of $17,066.46;

(d) Post-Petition rent-$6121.50 per month for two months for a total of $12,243.00;

(e) Attorney fees in the amount of $2,500.00.

15. On January 31, 2014, the Trustee filed a motion to sell substantially all of the Debtor's equipment free and clear of all liens, claims, and encumbrances. [Main Case, ECF No. 9] (the "Sale Motion").

16. The Defendant was served with the Sale Motion and the notice of hearing. [Main Case, ECF No. 15], but did not object to the sale.

17. The Defendant has indicated that its claim is secured by the equipment located at the Property pursuant to §83.08, Fla. Stat. (the "Alleged Lien").

18. On February 26, 2014, the Court granted the Sale Motion, and approved the sale free and clear. [Main Case, ECF No. 25] (the "Order").

19. Pursuant to the Order, any liens and encumbrances, to the extent they exist and are allowed as secured claims, attached to the proceeds of the sale.

## COUNT I
### (OBJECTION TO ADMINISTRATIVE CLASSIFICATION OF CLAIM)

20. The averments of paragraphs 1 through 19, inclusive, are incorporated herein and made a part hereof by this specific reference.

21. The Defendant did not articulate the basis for treatment of its claim as an administrative expense.

22. Pursuant to 11 U.S.C. § 365(d)(3), The Defendant is entitled to an administrative claim for the Debtor's post-petition obligations from the petition date to the date the lease is terminated or rejected.

23. The Proof of Claim, however, seeks to have Defendant's entire claim treated as an administrative expense.

24. The month-to-month lease, as described by Defendant, expired on February 28, 2014.

25. Accordingly, the Defendant is only entitled to an administrative claim for the Debtor's obligations for the month of February.

WHEREFORE the Trustee requests this Court enter judgment sustaining this objection, allowing an administrative expense only in the amount of taxes and rent due for the month of February, and granting such other and further relief as is just and equitable.

## COUNT II
### (OBJECTION TO AMOUNT OF CLAIM)

26. The averments of paragraphs 1 through 19, inclusive, are incorporated herein and made a part hereof by this specific reference.

27. The Defendant has not provided the Trustee with sufficient documentation to validate whether the amount claimed is valid, or whether the terms of the Email Agreement allow for the payment of taxes or attorney fees.

WHEREFORE the Trustee requests this Court enter judgment sustaining this objection, allowing the claim only in the amount proved at trial, and granting such other and further relief as is just and equitable

## COUNT III
### (AVOIDANCE OF LIEN – 11 U.S.C. § 545)

28. Plaintiff incorporates herein by reference paragraphs 1 through 19 of this Complaint.

29. Pursuant to 11 U.S.C. § 545, "[t]he trustee may avoid the fixing of a statutory lien on property of the debtor to the extent that such lien— . . . (3) is for rent; or (4) is a lien of distress for rent."

30. The Alleged Lien arises solely under § 83.08, Fla. Stat., and does not arise out of a security agreement or other consensual grant of lien.

31. The Alleged Lien is a statutory lien, as defined by 11 U.S.C. § 101(53).

32. The Alleged Lien is either (a) for rent; (b) a lien of distress for rent; or (c) both a lien for rent and for distress of rent.

WHEREFORE, Plaintiff prays this Court will Order avoiding the Alleged Lien and granting such other and further relief as this Court may deem appropriate.

## COUNT IV
### (EXTENT, VALIDITY AND PRIORITY OF ALLEGED LIEN)
In the alternative to Count III

33. Plaintiff incorporates herein by reference paragraphs 1 through 19, 30, and 31 of this Complaint.

34. The lease described by the Defendants is a single net lease.

35. Pursuant to a single net lease, the lessor pays taxes directly to the taxing authority.

36. On information and belief, the Defendant treated the payments of rent as income, but did not declare the payments of taxes as income.

37. The obligation to make tax payments to the taxing authority is not "rent" as described in § 83.08, Fla. Stat.

38. Accordingly, Defendant's lien only extends to the extent of unpaid rent, not the unpaid taxes or other charges.

WHEREFORE, Plaintiff prays this Court will Order fixing the amount of the Alleged Lien in the amount of the rent due, and granting such other and further relief as this Court may deem appropriate.

        Respectfully submitted,

        **MARSHALL SOCARRAS GRANT, P.L.**
        Attorneys for the Trustee
        197 South Federal Highway, Suite 300
        Boca Raton, Florida  33432
        Telephone No. 561.672.7580
        Facsimile No. 561.672.7581
        Email:  lpecan@msglaw.com

        By:   /s/ Lawrence E. Pecan
            LAWRENCE E. PECAN
            Florida Bar No. 99086